Electronically Filed - Jackson - Kansas City - June 02, 2022 - 03:24 PM

IN THE CIRCUIT COURT OF JACKSON COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| CANDACE ROSS, | ) | |
| 320 W. 100th Terrace, Apt. 202 | ) | |
| Kansas City, Missouri 64114 | ) | |
| Plaintiff | ) | Cause No. |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| KC WILLOW CREEK LLC | ) | |
| d/b/a Willow Creek Apartments | ) | |
| Serve Registered Agent: | ) | |
| Incorporating Services, Ltd. | ) | |
| 222 E. Dunklin, Ste. 102 | ) | |
| Jefferson City, MO 65101, | ) | |
| | ) | |
| & | ) | |
| | ) | |
| LANDMARK REALTY, LLC | ) | |
| d/b/a Landmark Realty of Missouri, LLC | ) | |
| Serve Registered Agent: | ) | |
| Nicholas J. Porto | ) | |
| 1600 Baltimore, Ste. 200A | ) | |
| Kansas City, MO 64108 | ) | |
| Defendants. | ) | |

PETITION FOR DAMAGES

COMES NOW Plaintiff, Candace Ross (hereinafter "Plaintiff"), by and through her

counsel of record, and for her Petition for Damages against Defendant KC Willow Creek LLC

(hereinafter "Defendant"), states as follows:

**PARTIES**

1. Plaintiff Candace Ross is and was at all times mentioned herein, a resident and citizen of

Kansas City, Jackson County, Missouri, residing at the above-listed address.

2. Defendant KC Willow Creek LLC (hereinafter "Defendant Willow Creek"), is a Missouri

Limited Liability Company located in Kansas City, Jackson County, Missouri, and

regularly engages in business within the State of Missouri, Jackson County. Upon

information and belief, Defendant is comprised of a single member, William M. Scherer, who is a resident of the State of California. Defendant may be served through its registered agent at the above-listed address.

3. At all relevant times herein, Defendant Willow Creek managed, occupied, controlled, and/or operated a residential apartment complex, Willow Creek Apartments, located at 201 W. 99th Terrace, Kansas City, Missouri 64114 (hereinafter referred to as "subject premises").

4. Defendant Landmark Realty, LLC (hereinafter "Defendant Landmark"), is a limited liability company organized under the laws of California, that operates under the name "Landmark Realty of Missouri, LLC" within Missouri and maintains a registered agent at 1600 Baltimore, Suite 200A, Kansas City, Jackson County, Missouri 64108.

5. At all relevant times herein, upon information and belief, Defendant Landmark was the property manager of the Willow Creek Apartments located at 201 W. 99th Terrace, Kansas City, Missouri 64114.

<u>**JURISDICTION AND VENUE**</u>

6. This Court has jurisdiction in this matter as the acts described herein occurred in Jackson County, Missouri. Further, Defendants transact business within the State of Missouri and own/use real estate situated within the State of Missouri.

7. Venue is proper with this Court because Plaintiff was first injured at subject premises, Kansas City, Jackson County, Missouri, which is within the western portion of Jackson County pursuant to 478.461 R.S.Mo.

<u>**BACKGROUND FACTS APPLICABLE TO ALL ALLEGATIONS**</u>

8.  On or about February 19, 2021, after parking her vehicle in the evening and exiting her vehicle to retrieve groceries out of her trunk, Plaintiff fell on the improperly treated walkway/parking lot of the subject premises.

9.  Plaintiff's vehicle was parked outside of her unit at the Willow Creek Apartments. While there was an attempt at snow removal from the parking lot and Defendants knowing full well that the remaining snow and water would re-freeze and create an impossibly dangerous condition, made no attempt to apply salt or any other treatment on the parking lot or sidewalk, leaving what was essentially an ice rink for the Plaintiff and the other tenants to navigate.

10. Plaintiff, at the very least, had a reasonable expectation that the parking lot, sidewalk, and walkway area would be safe and free from dangerous conditions and certainly had the reasonable expectation that the Defendants would not create a dangerous condition in the parking lot, sidewalk and walkway area.

11. Defendants had adequate opportunity to inspect, clear, and treat the premises prior to Plaintiff's fall as the precipitation in the previous day had ended and Plaintiff's fall occurred in the evening of February 19, 2021.

12. Due to the parking lot, walkways and sidewalks not being properly treated or cleared for the weather conditions at that time, the pavement and blacktop presented a hazard to tenants, including Plaintiff. This directly caused Plaintiff to fall and the injury that arose from that fall.

13. Plaintiff's fall caused her to sustain serious and permanent injuries, including injury to her right hand, right shoulder, right hip/pelvis, left knee, and a fracture to her left

fibula/ankle. Such injuries required use of crutches, several weeks in a cast, and subsequent weeks in a brace, pain medication, and therapy.

14. Plaintiff continues to experience pain and symptoms as her injuries are ongoing and permanent.

15. Plaintiff is bringing this action to recover damages from Defendants arising from her personal injuries.

16. Defendants owed a duty of reasonable care to Plaintiff as the occupier, operator, manager, and/or service provider/contractor of the subject premises.

17. At all times and places relevant herein, and on February 19, 2021, at the time of Plaintiff's fall, Defendants breached their duty to Plaintiff, in that Defendants, by and through their agents, acted with deliberate and reckless disregard for Plaintiff's health, safety and welfare, and therefore at fault in causing, or contributing to cause, Plaintiff's fall and the resulting injuries in the following respects, to-wit:

   a. Defendants failed to maintain walkways and driveways in a reasonably safe condition for tenants;

   b. In fact, Defendants created the dangerous condition by partially removing snow, but not treating the property such that the remaining snow and water refroze;

   c. Defendants knew or should have known of the dangerous condition, specifically that they made attempts to clear the parking lot, but made no attempt to salt, shovel, or treat the sidewalk or walkway;

   d. Defendants failed to exercise ordinary care to discovery unsafe and dangerous conditions on its premises, and failed to warn of such conditions;

e.  Defendants failed to properly inspect and monitor the premises, identify areas of freezing/refreezing, properly treat and clear walkways, sidewalks, driveways and parking lots, so as to make the surfaces reasonably safe to walk on;

f.  Defendants failed to adequately inspect, monitor, and treat property under its possession and control;

g.  Defendants failed to prevent, remedy, or warn tenants of freezing/refreezing water/ice from runoff caused by defective and/or dangerous property conditions;

h.  Defendants failed to clear designated walkways;

i.  Defendants failed to properly or timely apply melt or salt compound.

j.  Defendants negligently cleared snow and/or utilized equipment that was not functioning properly, thereby increasing the risk to tenants;

k.  Defendants failed to keep entrances, walks, and other public areas outside the units unobstructed;

l.  Defendants violated their own policy and procedure relative to treatment of snow/ice conditions on the premises; and

m.  Defendants were grossly negligent in their attempts to maintain the parking lot and walkways.

18. As a direct and proximate result of Defendants' gross negligence, Plaintiff suffered injuries and experienced, and continues to experience, pain and suffering. Plaintiff's damages include past and future: medical expenses, pain and suffering, disfigurement/scarring, and other general and special damages in an amount to be determined by the jury at trial of this action.

WHEREFORE, Plaintiff prays for judgment against Defendants in such sum as is fair and reasonable, said sum to be in excess of Twenty-Five Thousand Dollars ($25,000.00), plus pre-judgment interest, plus any other and further relief this Court deems just and proper in these circumstances.

## DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, by and through counsel of record, and demand a trial by jury on all issues.

Respectfully Submitted,

SPRADLIN KENNEDY, LLC

/s/Tracy L. Spradlin
Tracy L. Spradlin, Mo. Bar No. 65491
3770 Broadway Blvd., Suite 111
Kansas City, MO 64111
Tel: 816-768-6900
Fax: 816-817-4299
Tracy@spradlinkennedy.com
ATTORNEYS FOR PLAINTIFF